**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAW OFFICES OF ROBERT B. JOBE, P.C.; Mr. ROBERT BRADFORD JOBE Esquire,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendant - Appellee. | No. 25-1935<br><br>D.C. No. 4:24-cv-06325-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 8, 2026[**]
San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

In this action for declaratory relief, the Law Offices of Robert B. Jobe, P.C.

and Robert B. Jobe (Plaintiffs) appeal the district court's grant of judgment on the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pleadings in favor of Zurich American Insurance Company (Zurich) regarding the alleged breach of an Employment Practices Liability Insurance Policy (EPLIP). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Plaintiffs contend they are relieved from paying a self-insured retention amount (SIR) because Zurich took control of the defense of the third-party lawsuit too early. But the EPLIP's plain language gives Zurich "the right and duty to defend any **Claim** because of an **Insured Event** to which this insurance applies." Because this language is not ambiguous, it would be improper to "add a term about which [this section] is silent," including a restriction on exercising that right before the insured exhausts the SIR. *Dameron Hosp. Ass'n v. AAA N. Cal., Nev. & Utah Ins. Exch.*, 176 Cal. Rptr. 3d 851, 867 (Cal. Ct. App. 2014) (citation omitted).

Plaintiffs' arguments to the contrary are incompatible with the EPLIP language. For example, their interpretation of Section VIII.A would render meaningless the provision on Zurich's right to withdraw and conflate Zurich's right and duty to defend. The EPLIP also expressly states that it is the primary policy, not an excess policy. We therefore affirm the district court and hold that the EPLIP entitles Zurich to exercise its right to defend prior to the exhaustion of the SIR.

2.     Plaintiffs argue that even if Zurich has the right to defend a claim prior to SIR exhaustion, the exercise of that right triggered its immediate duty to pay defense costs. While the duty to defend as a general matter encompasses the

payment of defense costs, *see Buss v. Superior Ct.*, 939 P.2d 766, 775 (Cal. 1997), it is the policy's language that ultimately governs the bounds of coverage. *See TIG Ins. Co. of Mich. v. Homestore, Inc.*, 40 Cal. Rptr. 3d 528, 532 (Cal. Ct. App. 2006). And here, the EPLIP expressly makes coverage contingent on Plaintiffs' SIR payment. Such an interpretation is consistent with an SIR's "primary purpose," which "is to allow the named insured to contain its insurance costs." *Forecast Homes, Inc. v. Steadfast Ins. Co.*, 105 Cal. Rptr. 3d 200, 213 (Cal. Ct. App. 2010). Accordingly, we affirm the district court and hold that it is Plaintiffs' obligation under the EPLIP to pay the SIR amount regardless of when Zurich asserts its right to defend.

**AFFIRMED.**